UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENCINAS, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01321-BAK (BAM) (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE**<br><br>21-DAY DEADLINE |

**I.     BACKGROUND**

Plaintiff is a former state prisoner proceeding[1] *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 12, 2021, Plaintiff filed a Notice of Change of Address, providing an address in San Diego, California. (Doc. 8.)

On January 6, 2022, the Court issued a Notice of Temporary Magistrate Judge Referral. (Doc. 9.) The notice was served on Plaintiff at his address of record with the Court. (*Id*.) On January 13, 2022, the notice was returned by the U.S. Postal Service marked undeliverable and unable to forward.

---

[1] At the time Plaintiff initiated this action, he was incarcerated at the Kings County Jail in Hanford, California. (Doc. 1.)

## II. DISCUSSION

A *pro se* plaintiff must keep the Court and opposing parties informed of his correct address. Local Rules 182(f), 183(b). If a party moves without filing and serving a notice of change of address, documents served at the party's old address of record shall be deemed received even if not actually received. Local Rule 182(f). If mail directed to a *pro se* plaintiff at the address of record is returned by the U.S. Postal Service, and the plaintiff fails to notify the Court of his current address within 63 days thereafter, the Court may dismiss the action for failure to prosecute. Local Rule 183(b).

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and, in exercising that power, they may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff is no longer receiving mail at the San Diego address presently on file with the Court. Additionally, more than 63 days have passed, and Plaintiff has not filed a change of address with the Court.

Based on the above, it appears that Plaintiff has abandoned this action. Whether Plaintiff has done so mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules, which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court **ORDERS** that Plaintiff, **within 21 days** of the date of service of this order, **shall** file a response with the Court showing cause why this action should not be dismissed for his failure to prosecute this case. Alternatively, within that same time, Plaintiff may update his address with the Court or file a notice of voluntary dismissal.

Failure to comply with the Order will result in a recommendation to dismiss this action for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 11, 2022**            /s/ Barbara A. McAuliffe             _
                                                         UNITED STATES MAGISTRATE JUDGE